Territorial Law Library

FILED
SUPERIOR COURT

2013 AUG -8 PM 5: 22

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0407-12 |
| vs. | DECISION AND ORDER ON MOTION TO DISMISS |
| ANAFANSO NUOKUS, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on May 15, 2013 on Defendant's Motion to Dismiss. The People were represented by Assistant Attorney General James Collins. Defendant was represented by Attorney Suresh Sampath. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendant Nuokos was arrested on February 21, 2012 and was given a notice to appear on February 6, 2013 at 9:00 a.m. A complaint was filed against Defendant on April 23, 2012 and a summons was issued on May 14, 2012 commanding him to appear for arraignment on June 13, 2012. Defendant did not appear. That same day, a new summons was issued commanding him to appear on July 18, 2012 for arraignment. When Defendant appeared, Public Defender was appointed to represent him and the arraignment was continued until July 25, 2012. When Defendant failed to appear on that date, the arraignment was continued until August 1, 2012. Defendant appeared on that day and was arraigned.

On March 28, 2013, Defendant moved for dismissal pursuant to the Supreme Court of Guam's holding in People v. Rasauo, 2011 Guam 14 (hereinafter "Rasauo



**ORIGINAL**

II"). Defendant argues that notwithstanding a fourteen-day period of delay for good cause between July 18, 2012 and August 1, 2012, there remains a delay of eighty six (86) days between the complaint and the arraignment. Defendant argues there is no good cause for the delay in arraignment for that period and that the appropriate remedy is dismissal with prejudice.

The People filed their Opposition to the Motion to Dismiss on April 10, 2013. The People concede that dismissal would be appropriate for an eighty-six-day delay but assert that dismissal without prejudice is proper. For the reasons discussed below, this Court finds dismissal is not warranted.

## DISCUSSION

"An arraignment is the first or preliminary step in the progress of a trial and occurs in the early stages of the proceedings. At arraignment, a defendant is read the charges of the complaint, called to answer the accusation contained in the complaint, and is provided a copy of the complaint before taking a plea." People v. Julian, 2012 Guam 26 ¶ 20. "The defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required." 8 G.C.A. § 60.10.

The Supreme Court of Guam has held that "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." Rasauo II, 2011 Guam 14 ¶ 14. The Supreme Court of Guam also held, "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." Id. (internal quotations omitted).

The term "good cause" is not statutorily defined. Julian, 2012 Guam 26 ¶ 21. "Rather, good cause is defined through case law and determined by the facts and circumstances of each case." Id. Here, 86 days elapsed between Defendant's indictment and arraignment. The delay, on its face, is a violation of the rule set forth in Rasauo II. The issue before this Court is whether good cause exists which would excuse the delay. "[F]or purposes of prompt arraignment under 8 GCA §

60.10(a) and *Rasauo II* delay we will attribute the court's delay to the People." Julian ¶ 22.

Here, the record shows the two summons issued by the Court relied on contact information supplied by Defendant at the time of his arrest. Defendant listed his address as apartment D-33 and supplied a phone number. *See Citation and Notice to Appear*, Apr. 23, 2012. The record reflects that the address and phone number were incorrect. *See Affidavit*, Jul. 16, 2013 (noting correct address as apartment D-35 and different phone number).

The Summons issued on May 14, 2012 was not served and an Affidavit of Non-Service was completed on June 11, 2012. The marshal indicated that the Defendant was not located at the address listed and the phone number was not working. *See Affidavit*, Jun. 11, 2013. Defendant was served with the June 13, 2013 Summons on July 16, 2013. *See Affidavit*, Jul. 16, 2013. The Court declines to attribute the delay to the People where it was Defendant's conduct in supplying incorrect contact information which led to the delay. By this Court's calculation, eighty four (84) of the eighty six (86) days are excused for good cause. Thus, accounting for good cause delays, the period from complaint to arraignment falls well within the sixty-day period called for in Rasauo II.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is hereby **DENIED**. A Trial Setting is scheduled for August 27, 2013 at 2:00 p.m.

It is **SO ORDERED** this 8th day of August, 2013.



_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 0 8 2013



Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

ORIGINAL